CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 1 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| NANNIE L. EDMONDSON, | ) | CASE NO. 4:09CV00029 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | By: B. Waugh Crigler |
| | ) | U. S. Magistrate Judge |
| Defendant. | ) | |
| | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's January 23, 2007 claim for a period of disability and disability insurance benefits[1] under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on March 2, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, December 4, 2005, and that she meets the insured status requirements under the Act

---

[1]Plaintiff mistakenly states that this proceeding also reviews the denial of an application for Supplemental Security Income. While disability-related claims often are filed at the same time for both Title II and Title XVI benefits, there is no indication of that in the record before the court.

through December 31, 2010. (R. 12.) The Law Judge determined plaintiff suffered the following severe impairments: discogenic/degenerative back disorder, obesity, hypothyroidism, and diabetes. (*Id.*) However, the Law Judge found that she did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 16.) The Law Judge further found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of light work. (R. 17.) The Law Judge concluded that this RFC did not preclude plaintiff from performing her past relevant work as a cashier/clerk and a sewing machine operator. (R. 20.) Thus, the Law Judge ultimately determined that plaintiff was not disabled under the Act. (R. 21.)

Plaintiff appealed the Law Judge's March 2, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her motion for summary judgment, plaintiff initially argues that the Law Judge erred by

disregarding her complaints of pain and limitations and finding that they were "incredible" and inconsistent with the record. (Pl's Brief, pp. 22-25[2].) In that regard, a claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig*, 76 F.3d at 591; *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir.2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig*, 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

Social Security Ruling ("SSR") 96-7p establishes a two-step process for evaluating or assessing a claimant's statements about his or her symptoms. Initially, the Law Judge must determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms are not supported by substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

The Law Judge found that plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent that they are inconsistent with her RFC. (R. 19.) It is true that plaintiff's allegations of debilitating

---

[2]Plaintiff's brief is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

3

pain conflict with the evaluations performed by some of her own physicians. For example, plaintiff was evaluated by Paul C. Sparks, M.D. on June 21, 2006. (R. 214.) He noted diagnostic studies revealed a "mild diffuse disc bulge with a tiny central protrusion, [and] a little facet arthritis encroaching on the nerve root. (*Id.*) Dr. Sparks chose to treat plaintiff with what he described as "conservative care." (*Id.*)

A report by J. C. Campbell, M.D. of a January 9, 2007 visit by plaintiff to her treating doctor also revealed subjective complaints of back and leg pain. (R. 218.) Dr. Campbell found that x-rays showed that plaintiff suffered some arthritis in her right ankle but no fracture or dislocation of her spine. (*Id.*) He chose to treat plaintiff "conservatively." (*Id.*)

Plaintiff's allegations of debilitating pain are inconsistent with the opinions offered by the State agency record reviewing physicians. Stuart Solomon, M.D. evaluated plaintiff's medical records on March 23, 2007. (R. 264-270.) Dr. Solomon noted that plaintiff was alleging disability caused by sciatica nerve, diabetes, thyroid problems, sleeping problems and gall bladder surgery. (R. 269.) The physician noted that plaintiff was alleging her conditions limited her ability to work and placed limitations on her ability to complete daily activities. (*Id.*) Dr. Solomon opined that plaintiff's statements regarding her symptoms and their effects on her ability to function were only "partially credible." (*Id.*) Martin Cader, M.D., affirmed Dr. Solomon's findings. (R. 285.)

Plaintiff relies heavily on a Work Related Limitations Form completed by Graham Powers, M.D., which limits plaintiff to less than sedentary work. (Pl's Brief, pp. 25-27; R. 299-303.) She argues that the Law Judge erred by not giving full credit to the opinions expressed in that assessment.

4

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir.1992). At the same time, when such a physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

The Law Judge explained his decision not to adopt Dr. Powers opinion for several reasons, namely: 1) the question of whether a claimant is disabled is a matter reserved for the Commissioner; 2) there are no progress notes or laboratory studies to support his opinion, essentially rendering a bare opinion; and 3) Dr. Powers' opinion conflicts with plaintiff's treatment records in the sense that it limits plaintiff far beyond plaintiff's what plaintiff's other medical evidence suggests.[3] (R. 20.) These reasons are supported by substantial evidence.

As the Law Judge observed, Dr. Powers' opinion that plaintiff could perform less than sedentary work is not dispositive. That question is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1). Furthermore, Dr. Powers even concedes that his assessments were based on the plaintiff's responses to his questions, not upon objective medical evidence, and that he was not in possession of the medical records from specialists plaintiff had been referred to when he

---

[3] The Commissioner also would have the court consider the Law Judge's reliance on plaintiff's daily activities as a reason to justify his rejection of Dr. Powers' opinion. Frankly, there is little evidence of those activities, except her testimony that she exercises as requested by her treating physician but without any long-lasting benefits. (R. 41.)

5

conducted the assessment. (R. 303.) Thus, Dr. Powers did not have the benefit of the opinions offered by other treating and examining sources when he completed the form.

Concerning the Law Judge's final reason for not adopting Dr. Powers' views about plaintiff's limitations, suffice it to say, the record demonstrates the inconsistency between his views and those of the other treating and reviewing doctors. The undersigned already has alluded to the views of Drs. Sparks and Campbell who would treat plaintiff's impairments conservatively. As an additional example, plaintiff was evaluated by Chris Newell, M.D. on March 20, 2007. (R. 258-262.) At that time, Dr. Newell found that plaintiff suffered spinal stenosis, peripheral neuropathy, hypertension, diabetes and probable arthritis involving the right foot. (R. 260.) Even so, Dr. Newell opined that plaintiff retained the RFC to perform light exertional work. (R. 260-261.) Finally, Dr. Powers' opinion is inconsistent with the opinions offered by the State agency physicians. Dr. Solomon opined that plaintiff could perform light exertional work, and Dr. Cader agreed. (R. 264-270, 285.)

Plaintiff argues that the Law Judge erred by failing to consider the combined effects of all her impairments in determining her RFC. (Pl's Brief, pp. 27-28.) In addition to contending that the Law Judge failed to properly consider her complaints of pain and resulting limitations as found by Dr. Powers, she asserts that the Law Judge failed to account for the "uncontroverted evidence" that her muscle relaxer and antidepressant made her drowsy. (Pl's Brief, p. 28.) The only thing "uncontroverted" in the record evidence is that she was prescribed medication at some time during her treatment which may have that side effect. (R. 140.) There is substantial evidence supporting a conclusion that her medications did not have any synergistic effect to reduce her RFC.

Finally, plaintiff argues that the Law Judge erred in finding that she was capable of performing her past relevant work as a cashier/clerk or sewing machine operator. (Pl's Brief, p. 28-32.) Plaintiff contends that, if the Law Judge properly compared the description of her past relevant work, *as she performed it*, he would have been compelled to conclude that she was unable to perform this work. (Pl's Brief, pp. 30-31.) The regulations define past relevant work as work "as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2).

As noted above, the Law Judge found that plaintiff retained the RFC to perform a full range of light work. (R. 17.) The vocational expert ("VE") who was present at the hearing testified that, plaintiff's past relevant work as a cashier/clerk was semi-skilled and light to medium exertional and that her work as a sewing machine operator was semi-skilled and light exertional. (R. 43-44.) The VE was of the view that plaintiff could perform her past relevant work as a sewing machine operator, and that because the position as cashier/clerk required some medium exertional work she would not be able to perform that position. (R. 44.) In later testimony provided by the VE, the VE testified that there are sedentary cashier positions which are available. (R. 47.) Thus, the VE was of the view that plaintiff could perform her past relevant work as it is performed in the national economy.

Finding that the Commissioner's final decision is supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

4/16/10
Date